United States District Court
Southern District of Texas
**ENTERED**
February 04, 2025
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CYNTHIA ANN A.,[1] | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:23-cv-03532 |
| | § | |
| MARTIN O'MALLEY, | § | |
| Acting Commissioner of Social | § | |
| Security, | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Cynthia Ann A. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act ("the Act").[2] The Parties filed cross-motions for summary judgment. Pl.'s MSJ, ECF No. 9; Def.'s MSJ, ECF No. 13.

Plaintiff argues that the Administrative Law Judge ("ALJ") erroneously decided Plaintiff's RFC because he did not reasonably find that Plaintiff, an

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] On January 16, 2023, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Consent & Transfer Order, ECF No. 11.

advanced age claimant, was capable of engaging in regular and continuous work activity. ECF No. 9. The Commissioner counters that the ALJ's RFC evaluation was appropriate. ECF No. 13. Based on the briefing, the record, and the applicable law, the Court finds that Plaintiff fails to demonstrate harm from any of her raised errors. Plaintiff's motion for summary judgment is denied, and the Commissioner's cross-motion is granted. The ALJ's decision is affirmed.

## I.    BACKGROUND

Plaintiff is 59 years old, R. 56[3] and attended a year of college. R. 38. Plaintiff worked as an administrative assistant and in marketing. R. 61, 67. Plaintiff alleges a disability onset date of January 1, 2019. R. 18. Plaintiff claims she suffers from physical and mental impairments. R. 86.

On October 4, 2021, Plaintiff filed her application for disability insurance benefits under Title II of the Act. R. 16, 167–70. Plaintiff based[4] her application on arthritis in her hip and pelvis, rheumatoid arthritis, diabetes, and depression R. 86. The Commissioner denied Plaintiff's claim initially, R. 56–62, and on reconsideration. R. 63–68.

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 6.

[4] A claimant is eligible for disability insurance benefits only if the onset of the qualifying medical impairment began on or before the date last insured. *Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990). In this case, Plaintiff's alleged onset date was January 1, 2019 and date last insured was March 31, 2022. R. 18, 56, 63.

A hearing was held before an Administrative Law Judge ("ALJ"). An attorney represented Plaintiff at the hearing. R. 35. Plaintiff and a vocational expert ("VE") testified at the hearing. R. 35. The ALJ issued a decision denying Plaintiff's request for benefits.[5] R. 13–28. The Appeals Council denied Plaintiff's request for review, upholding the ALJ's decision to deny benefits. R. 1–6. Plaintiff appealed the Commissioner's ruling to this Court. ECF No. 1.

## II.   STANDARD OF REVIEW OF THE COMMISSIONER'S DECISION.

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the

---

[5] An ALJ must follow five steps in determining whether a claimant is disabled. The ALJ here determined Plaintiff was not disabled at step four. R. 27. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity from January 1, 2019 until March 31, 2022. R. 18 (citing 20 C.F.R. §§ 404.1520(b), 404.1571 *et seq.*). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine, scoliosis, osteoarthritis of the right hip with residual effects post replacement, rheumatoid arthritis, and diabetes mellitus. R. 19 (citing 20 C.F.R. § 404.1520 (c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 22 (referencing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). The ALJ found that Plaintiff has the RFC to perform light work as defined in 20 CFR § 404.1567(b) with the following limitations: the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 6 hours in an 8-hour workday; and sit for 6 hours in an 8-hour workday with normal breaks; no climbing of ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; and limited to frequent gross handling and fine fingering with bilateral upper extremities. R. 24. At step four, the ALJ determined that Plaintiff was able to perform her past relevant work as a receptionist and a composite job of office manager and receptionist. R. 27 (citing 20 C.F.R. § 404.1565). Therefore, the ALJ concluded that Plaintiff was not disabled. R. 27–28.

decision of the Commissioner . . . , with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.*

Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *see also Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*, 787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the

evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a "rubber stamp" for the Commissioner's decision and involves "more than a search for evidence supporting the Commissioner's findings." *Davidson v. Colvin*, 164 F. Supp. 3d 926, 943 (N.D. Tex. 2015) (quoting *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984)). Rather, a reviewing court must scrutinize the record as a whole, considering whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

## III.    THE SHIFTING BURDEN OF PROOF IN A DISABILITY CASE.

"An individual claiming entitlement to benefits under the Act has the burden of proving his disability." *Parrish v. Berryhill*, 237 F. Supp. 3d 520, 523 (S.D. Tex. 2017) (citing *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988)). The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d) (1)(A)

5

(2000). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3) (2000). The impairment must be so severe that the claimant is "incapable of engaging in any substantial gainful activity." *Foster v. Astrue*, No. H-08-2843, 2011 WL 5509475, at *6 (S.D. Tex. Nov. 10, 2011) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)).

The Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to the Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## IV.    COMMISSIONER IS ENTITLED TO SUMMARY JUDGMENT.

In challenging the ALJ's finding that she is not disabled, Plaintiff argues the ALJ failed to reasonably find that Plaintiff, an advanced age claimant, could engage in regular and continuous work activity. ECF No. 9 at 3. Plaintiff specifically contends that the ALJ incorrectly discounted her testimony and Dr. McClerkin's opinion as unpersuasive. ECF No. 9 at 12–16.

## A.    The ALJ Sufficiently Addressed Plaintiff's Credibility.

Plaintiff argues that the ALJ improperly dismissed her testimony about her impairments as inconsistent with the objective evidence. ECF No. 9 at 13.  Plaintiff continues that the ALJ's determination is lacking context and a summary of the objective evidence—without which, meaningful judicial review is impossible. ECF No. 9 at 14, 15.

"The ALJ must consider the subjective evidence of pain, but it is within his discretion to determine the pain's disabling nature." *Renee F. v. O'Malley*, No. 4:22-CV-04237, 2024 WL 894964, at *9 (S.D. Tex. Mar. 1, 2024) (quoting *Henderson v. Colvin*, 520 F. App'x 268, 275 (5th Cir. 2013)). "While an ALJ's assessment of a claimant's credibility is accorded great deference," it must be supported by "substantial evidence." *Id.* (quoting *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000); *see also Joseph-Jack v. Barnhart*, 80 F. App'x 317, 318 (5th Cir. 2003) (upholding ALJ's credibility findings when "linked to substantial evidence"). Thus, an ALJ "cannot simply make conclusory statements regarding credibility," although this burden may be satisfied "by discussing the medical record and opinions." *Id.* (quoting *Giles v. Astrue*, 433 F. App'x 241, 249 (5th Cir. 2011)).

Here, the ALJ summarized Plaintiff's testimony, R. 24–25, and found that:

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably

be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision. The objective medical evidence supports a finding that the claimant would have some limitations as a result of her severe impairments, which the undersigned took into consideration was formulating the above outlined residual functional capacity assessment. However, the objective medical evidence does not support such limitations to the extent alleged. As discussed above, in terms of the claimant's alleged complaints, medical evidence does provide that she would experience some limitations. However, there is no objective medical evidence to show that the severity would prevent her from doing a job that would follow the above outlined residual functional capacity assessment. To the extent they are consistent with the objective medical evidence, the claimant's subjective allegations have been considered and incorporated into the above outlined residual functional capacity. The assessment of the functional capacity gives the greatest possible consideration to her allegations.

R. 25.

Plaintiff is mistaken that the ALJ's written decision and the above finding lack context and a summary of the objective evidence. Earlier in his decision at Step Two, the ALJ provided a thorough summary of the record's medical evidence, including Plaintiff's treatment records that discuss her arthritis, diabetes, and ankle, hip, and spinal issues. R. 20–21.[6] Utilizing this evidence, the ALJ found Plaintiff suffered from degenerative disc disease of the cervical and lumbar spine, scoliosis, osteoarthritis of the right hip with residual effects post replacement,

---

[6] The ALJ also noted that although raised as an impairment, the record contained no complaints of depression or symptoms of depression. R. 21.

rheumatoid arthritis, and diabetes mellitus. R. 19. The ALJ also found that Plaintiff's bilateral ankle sprain, bone spur in the right ankle, knee sprain, and COVID-19 diagnosis were non-severe impairments, but noted that they were still considered in assessing Plaintiff's RFC. R. 21.

The ALJ was not required to again summarize this same evidence in determining Plaintiff's RFC. *See Marr v. Comm'r of Soc. Sec.*, No. SA-18-CV-0240-DAE, 2019 WL 1198961, at *5 (W.D. Tex. Mar. 14, 2019) (the court found the ALJ sufficiently acknowledged and reviewed the plaintiff's medical records where "[a]lthough the ALJ did not discuss the medical evidence with respect to Plaintiff's mental limitations in the section of her opinion on Plaintiff's RFC, she engaged in a thorough discussion of the mental-health evidence in determining whether Plaintiff's claimed mental limitations constituted a severe impairment under step two."). Importantly, Plaintiff's brief fails to identify what objective evidence was not considered by the ALJ in his written decision or what context is missing. *See* ECF No. 9. The record demonstrates that the ALJ provided a sufficient overview of the objective medical evidence and appropriately considered that evidence in addressing Plaintiff's subjective complaints.

In making his credibility determination, the ALJ properly considered several relevant factors, including Plaintiff's daily activities. *Britton v. Saul*, 827 F. App'x 426, 431 (5th Cir. 2020) (affirming ALJ's decision and granting "great deference"

to ALJ's evaluation of claimant's credibility when he afforded greater weight to medical opinions than claimant's testimony); *Wills v. Colvin*, No. 1:14-CV-504, 2016 WL 792693, at *6 (E.D. Tex. Mar. 1, 2016) (affirming ALJ's credibility determination when he considered several factors, including the circumstances surrounding Plaintiff's physical ability, daily activities, and the medical evidence). Credibility determinations are generally entitled to great deference. *Newton*, 209 F.3d at 459. The ALJ found that Plaintiff could hold a pen, write, fold clothes, button her own shirt, zip a zipper, hold a cup of coffee, hold five pounds. R. 20. Plaintiff's regular activities included sleeping, watching tv, doing light housework, grocery shopping, and laundry. *Id.* (citing notes from 9/20/2020 internal medicine consultative exam, R. 340, ECF No. 6-8 at 18). Although these findings are contrary to Plaintiff's testimony, the ALJ found them in the notes from the internal medicine consultative examination, based on information the Plaintiff provided at that time. The ALJ is entitled to deference in weighing the credibility of the witnesses. In this case, the ALJ's credibility determination is proper and supported by substantial evidence.

Plaintiff has failed to carry her burden to demonstrate that the ALJ failed to consider all the relevant evidence in assessing her credibility or how this error was prejudicial. Accordingly, this point of error is not grounds for remand.

**B.      Although the ALJ Failed to Properly Analyze the Persuasiveness of Dr. McClerkin's Opinion, Plaintiff Did Not Establish Harm.**

Plaintiff contends that the ALJ failed to provide a sufficient explanation of his rejection of Dr. McClerkin's opinion, falling short of 20 C.F.R. § 404.1520c's requirements. ECF No. 9 at 13.

Section 404.1520c governs RFC determinations for all claims filed on or after March 27, 2017, like the instant case. The ALJ is no longer required to defer or give any specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding, and instead, must consider all medical opinions and prior administrative medical findings using the same specific factors outlined in the rule, the most important of which are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 404.1520c(b)(2).[7] The ALJ must articulate how persuasive he finds each of the opinions in the record and explain his conclusions regarding the supportability and consistency factors. *Id.* at § 404.1520c(b)(2).

The ALJ must explain how he considered the factors of supportability[8] and

---

[7] The ALJ is to consider other factors such as treatment relationship with the claimant, specialization, and familiarity with other evidence in the claim. *Id.*, § 404.1520c(c).

[8] "Supportability" means the extent to which a medical source has presented relevant objective medical evidence and supporting explanations to support his or her medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(c)(1).

consistency.[9] 20 C.F.R. § 404.1520c(b). The ALJ's explanation must "allow the court to undertake a meaningful review of whether his reasoning was supported by substantial evidence, and [] not leave the Court to merely speculate about reasons behind the ALJ's persuasiveness finding or lack thereof," thereby creating "a discernible 'logic bridge' between the evidence and the ALJ's persuasiveness finding." *Pearson v. Commissioner of Social Security*, No. 1:20-CV-166-HSO-RPM. 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021) (quoting *Ramirez v. Saul*, No. SA-20-CV-00457-ESC, 2021 WL 2269473, at *6 (W.D. Tex. June 3, 2021)).

The ALJ summarized Dr. McClerkin's opinion, and then concluded without additional explanation that "[t]he undersigned finds this opinion unpersuasive as it is unsupported by and inconsistent with the objective medical evidence and appeared to rely on the claimant's self-reports." R. 25–26. The Court cannot discern a logic bridge between the record evidence and the ALJ's persuasiveness finding. An ALJ may not simply summarize the opinion and then summarily conclude that an opinion is persuasive or unpersuasive without substantively considering the supportability and consistency of the opinion in any detail. *See Pearson*, 2021 WL 3708047, at *5; *see also Bradley v. Kijakazi*, No. 3:22CV277-

---

[9] "Consistency" means the extent to which a medical opinion or prior administrative medical finding is consistent with the evidence from other medical sources and nonmedical sources. 20 C.F.R. § 404.1520c(c)(2).

RP, 2023 WL 4278793, at *3 (N.D. Miss. June 29, 2023) (the ALJ's "cookie-cutter

'explanation' is insufficient to allow the court to undertake a meaningful review of

the ALJ's reasoning with respect to [the medical] opinion and, indeed, it is of little

more use to the court than no explanation at all."). The ALJ's analysis of

Dr. McClerkin's opinion, or lack thereof, is error.[10] *See Erlandsen v. O'Malley*,

No. 4:23-CV-83-ALM-KPJ, 2024 WL 898915, at *4 (E.D. Tex. Feb. 14, 2024),

*adopted*, No. 4:23CV83, 2024 WL 897598 (E.D. Tex. Mar. 1, 2024) ("Boilerplate

language divorced from the evidence in the record is generally insufficient to

satisfy the ALJ's obligation. The ALJ must instead cite "specific evidence in the

record" supporting his supportability and consistency determination.") (citing

*Bridges v. Comm'r of Soc. Sec.*, No. 20-cv-89, 2021 WL 2908671, at *2 (N.D.

Miss. June 21, 2021), *adopted*, 2021 WL 2907892 (N.D. Miss. July 9, 2021);

*Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017) ("[I]t should go without

saying that cursory, boilerplate language about carefully considering the entire

record does not constitute an explanation for rejecting a medical opinion.");

---

[10] Commissioner raises numerous citations to the record as support for the ALJ's persuasiveness conclusion that were not part of his discussion of Dr. McClerkin's opinion. "The law is clear that '[t]he ALJ's decision must stand or fall with the reasons set forth in the decision, as adopted by the Appeals Council.'" *Dark v. Saul*, No. CV H-19-3104, 2020 WL 5623975, at *7 (S.D. Tex. Sept. 18, 2020) (quoting *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000); citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002)("It is well-established that we may only affirm the Commissioner's decision on the grounds which he stated for doing so.")).

*Morgan v. Kijakazi*, No. 22-cv-631, 2023 WL 6238052, at *6 (E.D. Tex. Aug. 31, 2023) (collecting cases), *adopted*, 2023 WL 6221773 (E.D. Tex. Sept. 25, 2023)).

Nonetheless, the Court must consider whether the error is harmless. *See Bradley*, 2023 WL 4278793, at *3 (citing *White v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *3-4 (5th Cir. Jan. 18, 2023) (per curiam) (applying harmless error standard where ALJ provided insufficient explanation of her consideration of medical opinions)). Procedural perfection in administrative proceedings is not required—the Court will not vacate a decision "unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Procedural errors affect the substantial rights of a claimant when they "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021). The claimant must show the error was prejudicial. *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012). To show prejudice from an ALJ's failure to comply with 20 C.F.R. § 404.1520c, the plaintiff must "show that if the ALJ had given further explanation [of the medical opinions at issue], then [he] would have adopted them." *Miller*, 2023 WL 234773, at *4.

Here, Plaintiff fails to show that had the ALJ given further explanation, then

he would have adopted Dr. McClerkin's opinion and altered the outcome. This is Plaintiff's burden and her failure to meet it "dooms [her] argument." *See Walker v. Kijakazi*, No. 23-60116, 2023 WL 7443302, at *4 (5th Cir. Nov. 9, 2023) ("Walker fails to show that 'if the ALJ had given further explanation, then she would have adopted' Walker's line of thinking and altered her outcome.") (quoting *Miller*, 2023 WL 234773)). As is evident by her summarization of the opinion, the ALJ clearly considered the opinion, but fell short of engaging in the requisite analysis. *See id.*

Furthermore, the Fifth Circuit has found opinions like Dr. McClerkin's conclusory, check-the-box questionnaire are not entitled to considerable weight, making it even more unlikely the ALJ would have adopted the opinion. *Stephens v. Saul*, No. 3:20-CV-823-BH, 2020 WL 7122860, at *7 (N.D. Tex. Dec. 4, 2020) ("The Fifth Circuit has recognized that opinions of treating physicians are not entitled to considerable weight when they are brief and conclusory and lack explanatory notes or supporting objective tests and examinations.") (citing *Heck v. Colvin*, 674 F. App'x 411, 415 (5th Cir. 2017) and *Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011)); *see Heck*, 674 F. App'x at 415 ("We have previously characterized responses to a questionnaire format as typical brief or conclusory testimony and declined to accord these responses controlling weight when they lack explanatory notes or supporting objective tests and examinations.") (internal

quotation marks and alterations omitted)); *see also Bradley v. Kijakazi*, No. 3:22cv277-RP, 2023 WL 4278793, at *3–4 (N.D. Miss. June 29, 2023) (remand was not required because even though the ALJ committed procedural error by failing to explain why he found a doctor's opinion unpersuasive, there was no prejudice to plaintiff because the checkbox opinion was unsupported).

Plaintiff failed to demonstrate this error is harmful.[11]

## V.    CONCLUSION

The Court **DENIES** Plaintiff's motion for summary judgment, ECF No. 9, and **GRANTS** Commissioner's motion for summary judgment, ECF No. 13. Therefore, the Commissioner's determination denying Plaintiff disability benefits is **AFFIRMED**.

---

[11] Plaintiff also briefly argues that the ALJ erred by not considering whether she could perform light work on a regular and consistent basis because of her inability to sit or stand for a long period and need to change positions frequently and take unscheduled breaks. ECF No. 9 at 5, 12 (citing R. 52) (excerpt from the VE's testimony that there is no work for someone who would be on task 80% of the workday, miss two or more days of work, or would require two more 15-minute breaks). Absent evidence to the contrary, the ability to perform work on a regular and continuing basis is inherent in the definition of RFC, and a specific finding that the claimant can maintain employment is not necessary. *Powell v. Kijakazi*, No. 4:20-CV-591-ALM-KPJ, 2022 WL 4477334, at *5 (E.D. Tex. Aug. 3, 2022), *adopted*, No. 4:20-CV-00591-ALM-KPJ, 2022 WL 4474148 (E.D. Tex. Sept. 26, 2022) (citing *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003). Here, Plaintiff fails to provide any evidence that her impairments waxed and waned, which is what is required for a sustainability finding. *See Pena v. Saul*, No. 7:19-CV-0005, 2019 WL 8223588, at *23 (S.D. Tex. Dec. 26, 2019), *adopted*, No. 7:19-CV-00005, 2020 WL 1234281 (S.D. Tex. Mar. 13, 2020) ("Plaintiff has not shown that her mental health symptoms wax and wane in a way that precludes employment even while on medication.") (citing *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983)); *Renee F. v. O'Malley*, No. 4:22-CV-04237, 2024 WL 894964, at *1 (S.D. Tex. Mar. 1, 2024) (Plaintiff "never testified that her condition 'waxes and wanes,' so Plaintiff has not established the factual predicate for [a separate sustainability finding]."). Insofar as Plaintiff intended to raise this as a separate issue, this point of error is not grounds for remand.

Signed at Houston, Texas, on February 4, 2025.

**Dena Hanovice Palermo**
**United States Magistrate Judge**